# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DERRICK SWEETING,

            Petitioner,      :      Case No. 1:18-cv-029

   - vs -                              District Judge Susan J. Dlott
                                   Magistrate Judge Michael R. Merz

Warden,
  Southern Ohio Correctional Facility

                                  :

            Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Derrick Sweeting under 28 U.S.C. § 2254, is before the Court for decision on the Petition (ECF No. 3), the State Court Record (ECF No. 10), the Respondent's Answer (ECF No. 11), and Petitioner's Reply (ECF No. 15).

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division of this Court.

**Litigation History**

On December 2, 2011, Petitioner was indicted by a Hamilton County grand jury on ten felony count s arising out of three robberies. The trial court severed counts 10, 11, and 12 and tried the first nine counts together, resulting in guilty verdicts on six counts and not guilty on the remaining three. Upon these convictions he was sentenced to seventeen years imprisonment (State Court Record, ECF No. 10, PageID 114). On appeal, the First District Court of Appeals reversed

1

on a sentencing issue but otherwise affirmed. State v. Sweeting, Case No. C-120733 (1st Dist. Nov. 20, 2013)(unreported; copy at State Court Record, ECF No. 10, PageID 158 et seq.) Sweeting did not file an appeal within the forty-five days allowed by Ohio law, but eventually filed a Motion for Delayed Appeal on July 17, 2014. *Id.* at PageID 167. The Supreme Court of Ohio denied that Motion on September 24, 2014. *Id.* at PageID 177. In the meantime on February 11, 2014, Sweeting was re-sentenced on the issue for which a remand had been ordered. *Id.* at PageID 178.

The jury trial on the severed counts was held in June 2015, resulting in acquittal on the felonious assault charge but conviction on the two weapons charges. *Id.* at PageID 211-15. Sweeting appealed, but the First District affirmed. *State v. Sweeting*, Case No. C-150436 (1st Dist. May 6, 2016)(unreported; copy at State Court Record, ECF No. 10, PageID 255, et seq.)

Once again Sweeting missed the filing deadline, but this time the Ohio Supreme Court granted him a delayed appeal (State Court Record, ECF No. 10, PageID 269). However, instead of raising issues from the second trial, Sweeing attempted to raise issues from the first trial and the Ohio Supreme Court declined to review the case. *Id.* at PageID 290.

On December 19, 2016, Sweeting filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 10, PageID 298 et seq.) The trial court dismissed the petition as untimely and barred by *res judicata. Id.* at 305. Sweeing appealed, but the appeal was dismissed for failure to file a brief. *Id.* at PageID 307. Sweeting's Petition in this Court followed in January 2018, pleading the following four grounds for relief:

> **Ground One**: 5th Amendment was broke I never faces [sic] my accuse [sic]
>
> **Supporting Facts**: 5th Amendment was broke my accuser (Avnish Kumar Patel) never show up at my trail [sic] and I was convicted of this crime the Foodmart Robbery

2

14th Amendment was broke I never got a photo line up from the officers they never found DNA, GSR, no Fingerprint, to link me too [sic] these robberys. [sic]

6th Amendment was broke. Micheala Stagnaro put any these Argument in my brief when it was in my transcripts. (She never stated)

**Ground Two**: 14th Amendment

**Supporting Facts:** The offices [sic] never didn't any photo line ups with any accuser. They officers never found any physical evidence for as DNA, GST, no fingerprint to ever link me to these crime. The officers evening [sic] stated this on the recorder and I was still convicted why?

**Ground Three**: 6th Amendment Ineffective Assistance Counsel

**Supporting Facts**: Ms. Michaela Stagnaro was my appeal she did not try to fight my case all the way. When these argument was on my transcript and recorders.

**Ground Four**: 8th Amendment Cruel Unusual Punishment

**Supporting Facts**: The court which is Judge Jody M. Luebbers sentences me to 21 years and base on the evidence the State presents. They ever [sic] had enough evidence to convict me of these crimes so Im [sic] asking for my sentence to be vacate and bring back to court for a new trial.

# Analysis

**Procedural Default**

Respondent asserts all of Petitioner's claims are procedurally defaulted by his various failure in presenting them to the state courts. The Answer argues claims arising from the first trial were defaulted because Sweeting's appeal to the Supreme Court of Ohio was untimely and claims arising from the second trial were not actually presented to that court.

The procedural default doctrine in habeas corpus is described by the Supreme Court as

3

follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S. Ct. 612, 175 L. Ed. 2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman,* 501 U.S., at 731-732, 111 S. Ct. 2546, 115 L. Ed. 2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

In his Reply, Sweeting blames the deficiencies in the case on his appellate attorney, Michaela Stagnaro. However, the procedural defaults on which the Respondent relies all occurred at stages of the case at which Ms. Stagnaro did not represent Petitioner and he was not constitutionally entitled to appointed counsel, i.e., at the Ohio Supreme Court stage.

5

**Conclusion**

Petitioner has not rebutted Respondent's claim of procedural default or offered any cause and prejudice to excuse those defaults.  It is therefore recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 28, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).