# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DERRICK SWEETING,

                Petitioner,           :   Case No. 1:18-cv-029

   - vs -                         District Judge Susan J. Dlott
                                   Magistrate Judge Michael R. Merz

Warden,
  Southern Ohio Correctional Facility

                             :

                Respondent.

---

# DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought *pro se* by Derrick Sweeting under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 23) to the Magistrate Judge's Report and Recommendations (ECF No. 22), recommending that the Petition be dismissed.

Under Fed.R.Civ.P. 72(b)(3), a District Judge must determine de novo any part of a Magistrate Judge's recommended disposition of a case to which objection has been made.

Petitioner objects that when the reference in this case was transferred from Magistrate Judge Litkovitz to Magistrate Judge Merz, the papers that were attached to his Reply were not sent to the newly-assigned Magistrate Judge (Objections, ECF No. 23, PageID 2604).

For more than fifteen years, the record of this District Court have been maintained electronically. Whenever someone files something on paper, a deputy clerk scans that document to create an electronic copy which is then filed. The electronic file is completely accessible to all

1

judges of the Court. Petitioner's Reply (ECF No. 15[1]) was postmarked on September 20, 2018, and received and filed by the Clerk on September 25, 2018. *Id.* at PageID 2581, 2589. There are no documents attached to it at all. In late June 2018, Petitioner filed a Notice of Filing Facts about Detective Joseph Schlie (ECF No. 12), a Notice of Evidence (ECF No. 13), and a Notice of Evidence of Phone Recorders (ECF No. 14). These documents were all in the record when the Magistrate Judge reference was transferred on March 21, 2019.

In the first of these three filings Petitioner claims the case detective, Joseph Schlie, stopped another suspect who was wearing the same jacket worn in the robberies of which Sweeting was convicted (Notice of Filing Facts, ECF No. 12, PageID 1990). Attached are pages from the trial transcript taken from the State Court Record (ECF No. 10-6, PageID 951-1119). Sweeting claims this testimony shows he is innocent. Whatever impact this testimony may or may not have had on the jury, it does not speak at all to the procedural default the Magistrate Judge found, which was failure to timely appeal from the First District Court of Appeals decision to the Supreme Court of Ohio (Report and Recommendations, ECF No. 22, PageID 2600-02).

The second of these three filings (ECF No. 13) lists nine ways in which Petitioner believes his rights were violated and then says he is going to provide physical evidence of his innocence. He then attaches hundreds of additional pages taken from the State Court Record (ECF Nos. 13-1, 13-2).

The third of these filings claims that Sweeting's phone recorders show he was not present at any of the robberies (Notice of Phone Records, ECF No. 14, PageID 2407-08). Attached again are pages from the trial transcript (ECF No. 10-5, PageID 780-950).

In *Souter v. Jones*, the United States Court of Appeals for the Sixth Circuit held:

---

[1] This ECF No. indicates where on the electronic docket a paper has been filed.

[I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup* [*v. Delo*, 513 U.S. 298, 316 (1995).] Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

395 F.3d at 590.

Thus, the actual innocence exception to the procedural default doctrine requires a habeas petitioner to present "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Nothing Sweeting presented in these three filings constitutes new evidence. Rather, they are all transcripts of evidence actually presented to the juries, the members of which convicted Sweeting. What the trial evidence proved was a question for the jury to decide. If there was insufficient evidence to convict, that was a question for the First District Court of Appeals to decide. Ultimately, this Court could have decided that question on the merits if Petitioner had not procedurally defaulted in presenting that claim to the Ohio courts.

Habeas corpus courts do not sit as super juries to reweigh the evidence that has been properly presented to a jury in the trial court. Federal habeas corpus jurisdiction is limited to

deciding whether a criminal conviction was obtained in violation of the United States Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida*, 463 U.S. 939 (1983). We cannot reach the merits of constitutional claims if a habeas petitioner has procedurally defaulted in presenting them to the state courts.

**Conclusion**

Having reviewed the Report and Recommendations de novo, the Court finds it is neither clearly erroneous nor contrary to law. Petitioner's objections are OVERRULED and the Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 15, 2019.

Susan J. Dlott
United States District Judge